UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                    :
TIMOTHY M. NASH,                    :        CASE NO. 1:12-CV-812
                                    :
              Plaintiff,            :
                                    :
vs.                                 :        OPINION & ORDER
                                    :        [Resolving Doc. Nos. 1, 2]
BOB REID, et al.,                   :
                                    :
              Defendants.           :
                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        *Pro Se* plaintiff Timothy M. Nash filed this action under 42 U.S.C. § 1983 against Cuyahoga

County Sheriff Bob Reid; Cuyahoga County Prosecutors Brian Murray, Erica Barnhill, and Nicole

M. Ellis; Cuyahoga County Public Defender Kathleen Demetz; and Erica M. Ellis.   In the

Complaint, plaintiff alleges defendants Murray, Barnhill, Nicole Ellis, and Erica Ellis deprived him

of his constitutional rights during the course of criminal proceedings instituted against him in the

Cuyahoga County Court of Common Pleas.  He also alleges defendant Reid is liable for failing to

address hazardous conditions allegedly present at the Cuyahoga County Jail. He seeks monetary

damages.

        Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2).  For the reasons

set forth below, that Application is **denied** and this action is dismissed.

## I.  Background

        Plaintiff is currently incarcerated at the Cuyahoga County Jail.  He was indicted in

September 2011 on charges of breaking and entering, grand theft, vandalism, and possessing

criminal tools. *See* Cuyahoga County Ct. Cmn. Pl. Case No. CR-11-553521.  He was released on bond in October 2011. *Id*. On November 28, 2011, plaintiff was arrested again, this time for breaking and entering, theft, vandalism, disrupting public service, possessing criminal tools, and interference with electrical wires. *See* Cuyahoga County Ct. Cmn. Pl. Case No. CR-11-556979.  He was indicted on these charges on December 7, 2011. *Id*.

In the course of state proceedings relating to these two criminal cases, plaintiff alleges his public defender, defendant Demetz, knowingly deprived him of a preliminary hearing by "entering a plea [of not guilty] . . . , which abrogated the statutory right to file a motion to stop or squash the process towards a trial and conviction."  (Doc. 1 at 4).  He further alleges defendant Demetz conspired with defendant Murray to deny plaintiff his constitutional rights and subjected him to malicious prosecution, slander, and "personal injury to reputation."  (Doc.1 at 5).  Plaintiff, who at times represented himself in the criminal cases noted above, also alleges that defendants Barnhill and Nicole Ellis appeared in court proceedings when plaintiff was not present and requested continuances of the trial date without his consent or input. (Doc. 1 at 6-7).

Finally, plaintiff alleges he contracted MRSA[1] while being housed at the Cuyahoga County Jail in January 2012.  He states he was treated with anti-biotic ointment and "minor surgery," and spent three weeks recovering in the jail medical ward. (Doc. 1 at 7-8).  He maintains there have been at least five other cases of MRSA at the Cuyahoga County Jail between January 18, 2012 and February 7, 2012.  He asserts the Jail is old and crumbling an "there has been no health and safety department agents from the county or state that have investigated this health hazard."  (Doc. 1 at

---

[1]     Methicillin-resistant Staphylococcus aureus ("MRSA") is a type of staph bacteria that does not respond to some antibiotics that are commonly used to treat staph infections.  *See* www.ncbi.nlm.nih.gov/pubmedhealth/PMH0004520/.

9).

Plaintiff filed the instant Complaint on April 4, 2012, seeking monetary damages.  He filed

an Application to Proceed *In Forma Pauperis* on the same date.[2]

## II. Standard of Review for 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action

without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of

poverty.  Prisoners, however, become responsible for paying the entire amount of their filing fees

and costs from the moment they file the Complaint.  28 U.S.C. § 1915(b); *McGore v. Wigglesworth*,

114 F.3d 601, 604 (1997).  When an inmate seeks pauper status, the only issue for the Court to

determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a

period of time under an installment plan.  *Id.*  Moreover, absent imminent danger, the benefit of the

installment plan is denied to prisoners who have on three or more prior occasions, while

incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious

or failed to state a claim upon which relief could be granted.  28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that

---

[2]  Subsequent to the filing of his Complaint, plaintiff filed two documents captioned as "Amendments of Evidence." (Docs. 3, 4).  In his first Amendment of Evidence (Doc. 3), plaintiff sets forth additional allegations against defendant Barnhill relating to the state criminal cases listed above.  In his second Amendment of Evidence (Doc. 4), plaintiff attaches over forty pages of documents relating to his state criminal cases. Buried in the middle of this filing are several pages which appear to state legal claims. (Doc. 4 at 17-20).  These pages name two additional defendants, public defenders Robert Tobik and John Haller, and allege these defendants either conspired with or failed to prevent defendants Barnhill and Nicole Ellis from committing perjury and tampering with records. (Doc. 4 at 17). The Court does not recognize either of these "Amendments of Evidence" as an Amended Complaint.  Even liberally construed, neither of these filings state any intention to supercede the original Complaint.  Rather, they appear to be continuations of plaintiff's arguments against the prosecutors and public defenders associated with his state criminal cases.

"where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007).  Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury."  The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver,* 2011 WL 1105652 at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").  Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

This Court has already found that plaintiff herein has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g).  Specifically, in *Nash v. Kochavar*, Case No. 1:11CV329 (N.D. Ohio)(Gwin, J.), this Court noted that, while incarcerated, plaintiff filed more than three previous

actions which were dismissed as frivolous, including *Nash v. McFaul*, No. 1:11 CV 330 (N.D. Ohio April 1, 2011)(Polster, J.); *Nash v. Reid*, No. 1:11 CV 70 (N.D. Ohio Mar. 14, 2011)(Polster, J.); *Nash v. Reid*, No. 1:10 CV 2926, (N.D. Ohio Feb 1, 2011)(Boyko, J.); *Nash v. Cuyahoga County*, No. 1:10 CV 2386 (N.D. Ohio Dec. 20, 2010)(Oliver, J.); *Nash v. City of Cleveland*, No. 1:05 CV 1578 (Aug. 4, 2005)(Manos, J.); *Nash v. Cuyahoga County Metropolitan Housing Authority*, No. 1:98 CV 2145 (Nov. 2, 1998)(Nugent, J.).

Because plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed.  As set forth above, to be considered imminent, the danger must be contemporaneous with the Complaint's filing. *Vandiver*, 2011 WL 1105652 at *2 (finding that because § 1915(g) uses the present tense in stating the imminent danger exception, "it is clear from the face of the statute that the danger must exist at the time the Complaint is filed"). *See also Tucker*, 2012 WL 1700701 at * 2 (plaintiff sufficiently alleged imminent danger of serious physical injury where he asserted continuing threats of injury from prison guards); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger).  Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Tucker*, 2012 WL 1700701 at * 1. Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *See Vandiver*, 2011 WL 1105652, at *2; *Rittner*, 2008 WL 3889860 at * * 1 (finding that "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception"); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077

(E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the instant case, plaintiff fails to allege he is in imminent danger of serious physical injury. While plaintiff alleges his constitutional rights were deprived by the public defenders and prosecutors associated with the criminal cases proceeding against him, he does not allege any ongoing deprivation of his constitutional rights by these defendants that might subject him to a "real and proximate" threat of serious injury. There is simply no suggestion in the Complaint that plaintiff faces imminent peril as a result of the alleged actions of defendants Murray, Barnhill, Demetz, Nicole Ellis, or Erica Ellis.[3]

Plaintiff also alleges he contracted MRSA while housed in the Cuyahoga County Jail. He acknowledges he received medical care for this condition, including anti-biotic ointment and "minor surgery." (Doc. 1 at 8). In addition, he contends he was placed on the Jail's medical floor for three weeks after his surgery. (Doc. 1 at 8). Plaintiff does not allege he is currently being denied medical treatment nor does he allege he is in any imminent danger of serious physical injury as a result of this infection. While the denial of medical care and treatment can amount to imminent danger under § 1915(g), *see Vandiver*, 2011 WL 1105652 at * * 3, the Complaint herein does not contain any allegations indicating a continuing denial of medical care and/or treatment of plaintiff's MRSA infection.

Plaintiff also alleges there was a "cluster" of MRSA infections at the Jail "which has been here for more than three years." (Doc. 1 at 7). He maintains there have been at least five cases of MRSA at the Jail between January 18, 2012 and February 7, 2012. (Doc. 1 at 9). He further alleges

---

[3] Even if the Court were to consider the allegations raised in plaintiff's Amendments of Evidence (Docs. 3, 4), there is no suggestion in either those filings that plaintiff is in imminent danger as a result of any of the defendants' alleged actions.

there have not been any "health or safety department agents from the county or state that have investigated this health hazard when this MRSA decease [sic] can become life threatening and/or fatal." (Doc. 1 at 9). The Court finds these allegations are insufficient to establish plaintiff is in "imminent danger of serious physical injury." While plaintiff alleges there has been a "cluster" of MRSA infections at the Jail, he identifies only five cases (including himself) occurring between January 18, 2012 and February 7, 2012. He does not allege there was an outbreak of MRSA at the time he filed his Complaint on April 4, 2012, or otherwise allege there are continuing cases of MRSA infections at the Jail. Plaintiff's general statement that conditions at the Jail constitute a "health hazard" is too conclusory and overbroad to establish that he currently faces a "real and proximate" threat of serous physical injury.

Accordingly, the Court finds the "imminent danger" exception to § 1915(g) does not apply in this case.[4]

## IV. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is denied. This action is

---

[4] Even if the Court were to consider the merits of this claim, it would be dismissed. To succeed in an Eighth Amendment challenge based on unsafe prison conditions, a plaintiff must establish that "(1) a single, identifiable necessity of civilized human existence is being denied (objective prong) and (2) the defendant prison official acted with a sufficiently culpable mental state (subjective prong)." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). With respect to the subjective prong of this test, there is no constitutional violation unless the defendant is "aware of the facts from which the inference could be drawn that a substantial risk of harm exists" and he or she draws that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation. *Id. See also Hadix*, 367 F.3d at 525. Even if plaintiff herein could establish the objective prong of this test, he has set forth no allegations indicating defendant Reid acted with a "sufficiently culpable mental state." At best, the allegations in the Complaint might suggest negligence. The Complaint does not, however, contain sufficient allegations to indicate defendant Reid acted with deliberate indifference to plaintiff's health or safety.

dismissed without prejudice. If it is re-filed, it must be accompanied by the full filing fee.  The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[5]

      IT IS SO ORDERED.


Dated: May 23, 2012          *s/   James S. Gwin*
                    JAMES S. GWIN
                    UNITED STATES DISTRICT JUDGE

---

[5]   28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

-8-